UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EB-BRAN PRODUCTIONS, INC.,

    Plaintiff,

v.

WARNER ELEKTRA ATLANTIC, INC., ET AL,,

    Defendants.
_____/

Case No. 03-75149

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [5]**

This matter comes before the Court on Plaintiff's motion to remand arguing that this Court lacked removal jurisdiction. On November 24, 2003, Plaintiff filed a lawsuit in Wayne County Circuit Court, Detroit, Michigan, against Defendants alleging various state law claims.[1] Defendants removed this action to this Court on December 23, 2003, asserting that this Court has removal jurisdiction because (1) Plaintiff's state law claims are completely preempted by the federal Copyright Act, and (2) there is complete diversity between the parties and the amount in controversy exceeds $75,000. Plaintiff's motion to remand is DENIED because, at the time of removal, this Court had subject matter jurisdiction over the claims asserted in Plaintiff's complaint.

---

[1] The eight counts in Plaintiff's state law complaint are: (1) declaratory relief, (2) accounting of property and master revenues, (3) common law conversion, (4) statutory conversion, (5) unjust enrichment, (6) constructive trust, (7) misappropriation, and (8) injunctive relief.

**I.   Facts**

This Court is familiar with the background giving rise to Plaintiff's claims, having presided over a companion case, *Ritchie v. Williams*, No. 01-71712. In *Ritchie*, this Court held that several state law claims asserted by a former promoter were completely preempted by the Copyright Act and thus barred by the three-year statute of limitations found in the Copyright Act. It further held that the non-preempted state-law claims were likewise time-barred under the applicable Michigan statutes of limitations. This decision was recently affirmed by the Sixth Circuit Court of Appeals. *See Ritchie v. Williams*, 395 F.3d 283 (6th Cir. 2005).

Robert Ritchie ("Artist") is a nationally recognized music artist, professionally known as "Kid Rock," signed to Defendant Atlantic Recording Corporation ("Atlantic"). (Compl. ¶ 11.) Plaintiff, EB-Bran Productions, Inc. ("EB-Bran") is a music production and music publishing company, incorporated in Michigan and having a principal place of business in Detroit, Michigan. (Compl. ¶¶ 2, 14.)

On March 6, 1989, Ritchie executed a production agreement ("Agreement") with EB-Bran, in which he agreed to record exclusively for the company and agreed to share 50/50 ownership in all "sides"[2] recorded during the term of the Agreement. The Agreement further provided that "all derivatives manufactured therefrom shall from the inception of their creation be entirely jointly held 50/50 between [Ritchie] and Producer/or the distribution company, . . . and Producer and/or the distribution company shall have the right to

---

[2]"Side" is defined in the 3/6/89 Agreement as "the equivalent of a 12-inch, 33 rpm double-sided recording embodying the recorded performance of the Artist and intended to use in the manufacture and sale of phonograph records." (Compl., Ex. A, 3/6/89 EB-Bran Productions Agreement with Ritchie at ¶ 1(a).)

copyright the Sides in Producer's and/or the distribution company's name as the owner and author thereof. . . . Without limiting the . . . foregoing, Producer and/or the distribution company . . . , shall have the exclusive and unlimited right to all the products of the services of the Artist. . . ."  (Compl., Ex. A, 3/6/89 Agreement at ¶ 4.)

Plaintiff's complaint alleges that Ritchie created 15 songs that belong to it, but Ritchie granted Defendants the right to record, distribute, market, and sell the songs despite Plaintiff's exclusive right to do so.  (Compl. ¶¶ 17, 24-28.)  Plaintiff claims that Defendants have unlawfully exploited, reproduced, leased, licensed, copied, distributed, and marketed the songs to which Plaintiff's hold exclusive rights.  (Compl. ¶¶ 30, 35-36, 41, 47, 62-63, 71, 75 and 77.)  Plaintiff seeks both monetary and injunctive relief.  It asks that Defendants be required to account for and pay over to it the money and royalties Defendants have collected from the sale or license of the songs at issue.  (Compl. ¶¶ 41, 43-45, 63-64, 66-68, and 71.)  It also asks that Defendants be enjoined from selling, manufacturing, marketing, promoting, or licensing of the subject songs.  (*Id.* at ¶¶ 74-77.)

## II.   Standard for Motion to Remand

The burden of establishing federal jurisdiction rests upon the removing party.  *See Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (citing *Gafford v. General Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)).  This burden is a difficult one to overcome as removal statutes "are strictly construed" and any ambiguities "must be resolved in favor of the nonmoving party." *Id.* (citing *Wilson v. U.S. Dep't of Agric.*, 584 F.2d 137, 142 (6th Cir. 1978)).  Moreover, the court "must 'look to the complaint as it existed at the time the petition for removal was filed to determine' the matter of federal jurisdiction

raised by the defendant's notice of removal." *Id.* (quoting *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir. 1991)).

### III.  Analysis

#### A.  Complete Preemption

A cause of action originally filed in state court may be removed by a defendant to federal court only if the case originally could have been filed in federal court.  *See* 28 U.S.C. § 1441.  Where there is no diversity of citizenship alleged, removal depends upon whether the plaintiff's well-pleaded complaint raises issues that involve federal law.  *See Wright v. General Motors Corp.*, 262 F.3d 610, 613 (6th Cir. 2001).  There is one exception to this rule, however.  That is "[w]here Congress so completely preempts a particular area of law, the lawsuit arising under state law becomes federal in character."  *Id.* (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)).

Defendants assert that this Court has removal jurisdiction, pursuant to 28 U.S.C. §§ 1441 and 1446, because Plaintiff's state law claims are completely preempted under the Copyright Act, 17 U.S.C. § 101.  In its motion seeking a remand, Plaintiff argues that its complaint seeks only to recover tangible personal property worth less than $75,000, not intangible property rights governed by the Copyright Act.  A plain reading of Plaintiff's complaint refutes its argument.  In each of its eight counts, Plaintiff claims it has a right to exploit 15 songs recorded by Ritchie and seeks both monetary and injunctive relief based on that alleged right.  As recently observed by the Sixth Circuit, such claims are the equivalent of copyright infringement claims and thus completely preempted by the Copyright Act:

> Section 301 of the Copyright Act broadly preempts state law claims, and federal law vests exclusive jurisdiction over such preempted copyright claims in the federal courts. Section 301 of the Copyright Act states that "all legal or equitable rights *that are equivalent* to any of the exclusive rights *within the general scope* of copyright as specified in § 106 in works of authorship that . . . come within the subject matter of copyright . . . are governed exclusively by this title . . . . [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State."

*Ritchie*, 395 F.3d at 285 (quoting 17 U.S.C. § 301(a) and adding emphasis). The *Ritchie* Court further observed that:

> Section 1388(a), Title 28, further provides that "[t]he district courts shall have exclusive jurisdiction of any civil action arising under any act of Congress relating to . . . copyrights . . . . Such jurisdiction shall be exclusive of the courts of the states in . . . copyright cases."

*Id.* at 285-86.

After examining the "complete preemption" doctrine, the *Ritchie* Court concluded that the doctrine applies to the Copyright Act because "Congress has indicated that 'national uniformity' in the strong sense of 'complete preemption' is necessary in this field." *Id.* at 286-87. It then examined the defendants' state-law contract claims and affirmed this Court's holding that these were the equivalent of copyright infringement claims because they:

> basically assert that Kid Rock infringed the publication, performance and distribution rights of those claiming under the 1989 contracts and that the claims must, therefore, be recharacterized as copyright claims and [thus were] governed by federal copyright law. The claims are that Kid Rock licensed the songs he had written to others in violation of the copyrights and the performance and distribution rights of the [defendants]. All of these claims are 'equivalent' to infringement claims.

*Id.* at 287. As to defendants' non-contract claims of unjust enrichment, misrepresentation, conversion, and injunctive relief against further misappropriation of income derived from the songs, the Sixth Circuit affirmed this Court's holding that these too should be

5

recharacterized as copyright claims, observing that "[t]he policy of national uniformity inherent in copyright preemption is no less applicable to infringement claims that are described as sounding in tort or restitution rather than contract." *Id.* at 289.

Plaintiff's state-law tort and equitable claims asserted in this action -- claims of conversion, statutory conversion, unjust enrichment, misappropriation, accounting, constructive trust, injunctive relief against further misappropriation of income derived from Ritchie's songs, and declaratory relief as to Plaintiff's right to reproduce, distribute, market, and sell the Ritchie songs -- are likewise properly recharacterized as copyright claims and thus completely preempted by the Copyright Act. The essence of each claim is that Ritchie licensed songs he had written to others in violation of the copyrights and the performance and distribution rights of Plaintiff. Accordingly, these claims are "equivalent" to infringement claims. *Ritchie*, 395 F.3d at 287, 289.

### B. Supplemental Jurisdiction

To the extent the claims in Plaintiff's November 24, 2003 complaint seek recovery solely of the tangible physical recordings of the 15 Ritchie songs it alleges it has a contractual right to, separate and apart from any and all intangible property rights attached to those recordings, this Court will exercise supplemental jurisdiction over such state-law claims which Plaintiff concedes do not involve an amount in controversy in excess of $33,000. *See* 28 U.S.C. §§ 1367. Removal of such claims is permissible under 28 U.S.C. § 1441.

6

**IV. Conclusion**

For the above-stated reasons, Plaintiff's motion to remand is DENIED.

<u>s/Nancy G. Edmunds</u>
Nancy G. Edmunds
United States District Judge

Dated: June 9, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 9, 2005, by electronic and/or ordinary mail.

<u>s/Carol A. Hemeyer</u>
Case Manager