UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EB-BRAN PRODUCTIONS, INC.,

       Plaintiff,

v.

WARNER ELEKTRA ATLANTIC, INC., ET AL,

       Defendants.

_____/

Case No. 03-75149

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [40]**

This matter comes before the Court on Defendants' motion for summary judgment. Defendants' motion is GRANTED. Plaintiff's claims against Defendant Atlantic are barred under an agreement not to sue. Its claims against Defendants Ritchie, Top Dog and Warner-Tamerlane are barred under the doctrine of claim preclusion; and its claims against the remaining Defendants are barred under the doctrine of issue preclusion.

**I.    Facts**

This Court is familiar with the factual background giving rise to Plaintiff's claims, having presided over a companion case, *Ritchie v. Williams*, No. 01-71712. Defendants' motion for summary judgment thus requires this Court to focus its attention on procedural facts. Accordingly, those are set forth below.

**A.  Prior Actions**

On May 2, 2001, Robert Ritchie ("Ritchie") and Top Dog Records, Inc. ("Top Dog") filed an action in this Court against Alvin Williams seeking, among other things, a

declaration that the "Top Dog" mark belonged to Ritchie.[1]

On May 16, 2001, Williams filed a counterclaim against Ritchie and Top Dog alleging infringement of the Top Dog mark.  Then, in June 2001, EB-Bran, Bow-Wow, and Dog Top Publishing, a division of Bow-Wow, filed a lawsuit in state court against Ritchie, Top Dog, and others alleging state-law claims of breach of contract, unjust enrichment, fraud and misrepresentation, breach of fiduciary duties, constructive trust, accounting, conversion, and injunctive relief ("State-Court Action").  That State-Court Action was subsequently removed to this Court and consolidated with the *Ritchie* action.  (5/24/02 Order.)

Prior to removal and during discovery in the State-Court Action, EB-Bran sought documents from Atlantic Recording Corporation ("Atlantic") and Warner-Tamerlane Publishing, Inc. ("Warner-Tamerlane").  Atlantic is the recording company with whom Ritchie is under contract to market his musical recordings.  Warner-Tamerlane publishes his compositions.  When Atlantic and Warner-Tamerlane objected to various subpoenas, EB-Bran stated its intent to add them as parties – Atlantic to the federal *Ritchie* case and Warner-Tamerlane to the State-Court Action.

In lieu of being added as a party to the federal *Ritchie* case, EB-Bran and Atlantic agreed that if Atlantic produced various documents regarding Ritchie, EB-Bran would not add Atlantic as a party defendant.  This agreement is evidenced by a Stipulated Order entered in the federal *Ritchie* action.  (4/25/02 Stipulated Order.)  Paragraph 6 of that Stipulated Order provides that:

> In exchange for Atlantic's production of the documents and affidavits

---

[1]EB-Bran Productions, Inc. ("EB-Bran") and Bow-Wow Publishing Corporation ("Bow-Wow") were later added in an amended complaint.

2

identified in paragraphs 1 through 5 herein, [Williams, EB-Bran and Bow-Wow] agree, warrant and represent that Atlantic will not be added or named as a party to this action and/or any action related to the subject matter of this action and that Atlantic has fully complied with and fulfilled all of its obligations under [Williams, EB-Bran and Bow-Wow]'s Subpoena and Notice to Produce Documents to Atlantic dated February 13, 2002; . . . .

(4/25/02 Stipulated Order ¶ 6.)

In the State-Court Action, EB-Bran and Warner-Tamerlane agreed to a similar procedure and signed a stipulation, but the State Court judge would not enter it. (Defs.' Ex. D, 4/19/02 Hrg. Tr. at 3-5, 8, 12.) Instead, the State Court judge granted EB-Bran's motion, adding Warner-Tamerlane as a party defendant, and then subsequently granted Warner-Tamerlane's oral motion to dismiss because EB-Bran failed to state a claim for relief against Warner-Tamerlane. (*Id.* at 12-15, 18-25, 29-30.) The State-Court Action was subsequently removed to this Court and consolidated with the *Ritchie* action. (5/24/02 Order.)

In *Ritchie*, this Court granted Ritchie and Top Dog's motion for summary judgment and denied EB-Bran, Williams, and Bow-Wow's cross motion. It held that several state law claims asserted by these plaintiffs were completely preempted by the Copyright Act and thus barred by the three-year statute of limitations found in the Copyright Act. It further held that the non-preempted state-law claims were likewise time-barred under the applicable Michigan statutes of limitations.[2] (2/03/03 Order.) Judgment was entered on February 3, 2003, in favor of Ritchie and Top Dog.

This Court's decision was recently affirmed by the Sixth Circuit Court of Appeals on

---

[2] EB-Bran's motions for reconsideration, to vacate, and for a new trial based on newly discovered evidence were also denied.

3

January 11, 2005. *See Ritchie v. Williams*, 395 F.3d 283 (6th Cir. 2005) (holding that complete preemption doctrine applied in this copyright case; that state-law breach of contract, unjust enrichment, misrepresentation, conversion, injunctive relief or similar claims that were the equivalent of copyright infringement claims were completely preempted by the Copyright Act; that breach of fiduciary duty and breach of contract claims that did not implicate either ownership or infringement of copyrighted music were not preempted; that both the preempted and non-preempted claims were time-barred; and that Williams, EB-Bran and Bow-Wow abandoned the Top Dog trademark).

### B. Current Action

On November 24, 2003, EB-Bran filed this lawsuit against Defendants, alleging state-law claims of declaratory relief, accounting of property and master revenues, common law conversion, statutory conversion, unjust enrichment, constructive trust, misappropriation, and injunctive relief in connection with the same underlying transactions and occurrences that gave rise to its prior federal and state-court actions. Defendants are Ritchie and Top Dog (prevailing parties in the *Ritchie* litigation), Atlantic (which has a Stipulated Order from EB-Bran promising that it will not bring an action against it on the same subject matter addressed in the *Ritchie* litigation), Warner-Tamerlane (who was dismissed with prejudice in the State-Court Action before it was removed and consolidated with *Ritchie*), Ivy Hill Corporation and Cinram International (CD manufacturers for Atlantic), Lava Records (a record company, owned in part by Atlantic, that released Richie's albums), Warner Media Services,[3] Warner Elektra-Atlantic Corporation, and John and Jane Doe.

---

[3]Defendants assert that they are not aware of any entity called Warner Media, Inc. or Warner Music Services.

4

On December 23, 2003, Defendants removed EB-Bran's action to this Court, asserting that this Court had removal jurisdiction because EB-Bran's state-law claims were completely preempted by the federal Copyright Act, and because complete diversity existed between the parties and the amount in controversy exceeded $75,000.  This Court subsequently denied EB-Bran's motion to remand, concluding that it had subject matter jurisdiction over EB-Bran's claims at the time of removal because EB-Bran's state-law tort and equitable claims of conversion, statutory conversion, unjust enrichment, misappropriation, accounting, constructive trust, injunctive and declaratory relief were properly recharacterized as copyright claims and thus completely preempted by the Copyright Act.  (6/9/05 Order.)

After removal, EB-Bran filed a first amended complaint, alleging state-law claims of claim and delivery, conversion, trespass to chattel, and injunctive relief.  This amended complaint alleges that Ritchie created 14 songs that belong to it, but Ritchie granted Defendants the right to record, distribute, market, and sell the songs despite EB-Bran's exclusive right to do so.  (Am. Compl. ¶¶ 14-26.)  It further alleges that Defendants have unlawfully exploited, reproduced, leased, licensed, copied, distributed, and marketed the songs to which EB-Bran holds exclusive rights to exploit.  (Am. Compl. ¶¶ 14-26, 29, 34, 37, 39-40, 42-46, and 51.)  EB-Bran seeks both monetary and injunctive relief seeking to have Defendants enjoined from "wrongfully exert[ing] dominion and control over EB-BRAN's master tape recordings and act[ing] in a manner inconsistent with Defendants' rights."  (*Id.* at ¶ 51.)

This matter is presently before the Court on Defendants' motion for summary judgment arguing that:  (1) EB-Bran's claims against Atlantic are barred by an agreement

not to sue; (2) EB-Bran's claims against Ritchie, Top Dog, and Warner-Tamerlane are barred under the doctrine of claim preclusion; and (3) EB-Bran's claims against the remaining Defendants are barred under the doctrine of issue preclusion.

## II.   Summary Judgment Standard

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

6

## III.   Analysis

### A.  Atlantic Recording Corporation

Defendants argue that EB-Bran's claims against Atlantic are barred because EB-Bran

agreed, in exchange for Atlantic's compliance with a discovery subpoena in the *Ritchie*

litigation, not to sue Atlantic in either the *Ritchie* litigation or any other action related to the

subject matter addressed in *Ritchie*.   This Court agrees with Defendants.

During the discovery phase of the *Ritchie* litigation, EB-Bran sought documents from

Atlantic Recording.  When Atlantic objected to a discovery subpoena, EB-Bran stated its

intent to add Atlantic as a party defendant to the *Ritchie* case.  In lieu of being added as a

party to the federal *Ritchie* case, EB-Bran and Atlantic agreed that if Atlantic produced

various documents regarding Ritchie, EB-Bran would not add Atlantic as a party defendant.

This agreement is evidenced by a Stipulated Order entered in the federal *Ritchie* action.

(4/25/02 Stipulated Order.)  Paragraph 6 of that Stipulated Order provides that:

> In exchange for Atlantic's production of the documents and affidavits
> identified in paragraphs 1 through 5 herein, [Williams, EB-Bran and Bow-
> Wow] agree, warrant and represent that Atlantic will not be added or named
> as a party to this action and/or any action related to the subject matter of this
> action and that Atlantic has fully complied with and fulfilled all of its
> obligations under [Williams, EB-Bran and Bow-Wow]'s Subpoena and Notice
> to Produce Documents to Atlantic dated February 13, 2002; . . . .

(4/25/02 Stipulated Order ¶ 6.)

Contrary to EB-Bran's arguments here, this action and the *Ritchie* action involve the

same underlying transactions and occurrences that give rise to the core issue in both

actions; i.e., EB-Bran's property rights in connection with certain master recordings granted

under an agreement with Ritchie.  Moreover, despite EB-Bran's recent arguments to the

contrary, the Stipulated Order in *Ritchie* expressly provides that "Atlantic has fully complied

7

with and fulfilled all of its obligations" with regard to the discovery subpoena.   (*Id.*)
Accordingly, EB-Bran's claims against Atlantic are dismissed.

### B.  Ritchie and Top Dog

Defendants next argue that EB-Bran's claims against Ritchie and Top Dog are barred
under the doctrine of res judicata or, more precisely, claim preclusion.  This Court agrees.

The doctrine of res judicata encompasses the concepts of both claim and issue
preclusion.  *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984).
"Claim preclusion is the doctrine by which a final judgment on the merits in an action
precludes a party from bringing a subsequent lawsuit on the same claim or raising a new
defense to defeat a prior judgment."  *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir.
2003), *cert. denied*, ___ U.S. ___, 124 S. Ct. 2908 (2004).  The doctrine broadly precludes
relitigation of claims previously adjudicated and those that should have been but were not
raised in the prior suit.  *Id.*  Claim preclusion will bar a subsequent action:

> (1)   where the prior decision was a final decision on the merits;
> (2)   where the present action is between the same parties or their privies as
>         those to the prior action;
> (3)   where the claim in a present action should have been litigated in the
>         prior action; and
> (4)   where an identity exists between the prior and present actions.

*Id.*

These elements are satisfied here.  First, there was a prior final decision on the merits
in *Ritchie*.  Second, EB-Bran, Ritchie and Top Dog are parties in the present action and
were parties in the *Ritchie* action.  Third, the claims asserted against Ritchie and Top Dog
in this action should have been raised in the prior action because EB-Bran was aware of
all of the facts that give rise to these claims at the time it pursued its claims in *Ritchie*.

8

Fourth, despite EB-Bran's arguments to the contrary, there exists an identity of facts giving rise to EB-Bran's claims in *Ritchie* and the present action and an identity of evidence needed to prove the claims in both actions.  *See Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).  Accordingly, EB-Bran's claims against Ritchie and Top Dog are dismissed.

### C.  Warner-Tamerlane

Defendants also argue that EB-Bran's claims against Warner-Tamerlane are barred under the doctrine of claim preclusion.  This Court agrees.

Prior to removal and during discovery in the State-Court Action, EB-Bran sought documents from Warner-Tamerlane.  Warner-Tamerlane publishes Ritchie's compositions.  When Warner-Tamerlane objected to the discovery subpoena, EB-Bran stated its intent to add it as a party defendant to the State-Court Action.

In lieu of being added as a party, EB-Bran and Warner-Tamerlane signed a Stipulated Order like the one entered into between it and Atlantic in the *Ritchie* action, but the State Court judge would not enter it.  (Defs.' Ex. D, 4/19/02 Hrg. Tr. at 3-5, 8, 12.)  Instead, the State Court judge granted EB-Bran's motion, adding Warner-Tamerlane as a party defendant, and then subsequently granted Warner-Tamerlane's oral motion to dismiss on the basis that EB-Bran had failed to state a claim for relief against Warner-Tamerlane.  (*Id.* at 12-15, 18-25, 29-30.)

This Court must determine the preclusive effect of the dismissal of Warner-Tamerlane in the State-Court Action.  To do so, the Full Faith and Credit Act, 28 U.S.C. § 1873, requires that the Court give the same preclusive effect to the prior State Court final decision on the merits as it would have under the law of the state that issued the decision.  *Migra*,

9

465 U.S. at 81; *Smith, Hinchman and Grylls, Assoc., Inc. v. Tassic*, 990 F.2d 256, 257 (6th Cir. 1993).

Michigan law precludes the relitigation of a claim in a subsequent action when: (1) the prior action was decided on the merits; (2) the issues raised in the second case either were resolved in the first case, or through the exercise of reasonable diligence could have been raised and resolved in the first case; and (3) both actions involve the same parties or their privies. *Dart v. Dart*, 597 N.W.2d 82, 88 (Mich. 1999); *Smith, Hinchman and Grylls*, 990 F.3d at 257-58. Michigan applies the doctrine broadly and precludes relitigation of not only claims identical to those already litigated but also "claims arising out of the same transaction which plaintiff could have brought, but did not." *Katt v. Dykhouse*, 983 F.2d 690, 693 (6th Cir. 1992) (quoting *Gose v. Monroe Auto Equip. Co.*, 294 N.W.2d 165, 167 (Mich. 1980)); *Sprague v. Buhagiar*, 539 N.W.2d 587, 589 (Mich. Ct. App. 1995). In other words, claim preclusion applies not only to claims upon which the state court was actually called upon to decide but also to any claim that the plaintiff, exercising reasonable diligence, could have brought forward at that time. *Vanderwall v. Midkiff*, 463 N.W.2d 219, 221 (Mich. Ct. App. 1990). This is true even if a different legal theory is advanced in the second suit. *Silcox v. United Trucking Service, Inc.*, 687 F.2d 848, 852 (6th Cir. 1982).

EB-Bran's claims against Warner-Tamerlane in this suit are barred under the doctrine of claim preclusion. First, EB-Bran and Warner-Tamerlane were parties to the State-Court Action and are parties to this action. Despite EB-Bran's claim that Warner-Tamerlane is not a party in the present action, its November 24, 2003 complaint names Warner-Tamerlane as a party Defendant, (Compl. ¶ 3), and EB-Bran has not formally dismissed Warner-Tamerlane from this action.

10

Second, the dismissal of Warner-Tamerlane in the State-Court Action is a decision on the merits.  It was not based on a mere procedural or technical defect or a stipulation between the parties to a dismissal without prejudice.  The state court judge refused to enter the stipulated order and instead granted EB-Bran's motion to amend its complaint to add Warner-Tamerlane as a party defendant and then dismissed Warner-Tamerlane after determining that EB-Bran could not state a claim for relief against it.  *See Brookins v. Gen. Motors Corp.*, 843 F.2d 879, 881 (6th Cir. 1987) (applying Michigan law and observing that "if the state court had given individualized consideration to the dismissal of the case, . . . then the state court adjudication was on the merits.").  An order granting a motion to dismiss for insufficiency of the complaint is an adjudication on the merits unless the court specifies otherwise.  *Guzowski v. Hartman*, 849 F.2d 252, 255 (6th Cir. 1988); *Carter v. Southeastern Michigan Transp. Authority*, 351 N.W.2d 920, 922 (Mich. Ct. App. 1984) (observing that "an involuntary dismissal . . . will operate as an adjudication on the merits unless the order of dismissal provides otherwise.").  Despite EB-Bran's arguments to the contrary, there is no evidence that the dismissal of Warner-Tamerlane as a defendant in the State-Court Action was without prejudice and thus the dismissal operates as an adjudication on the merits.

Third, EB-Bran's claims against Warner-Tamerlane in both the State-Court Action and this action arise from the same essential transactions, occurrences, and facts concerning EB-Bran's property rights in connection with certain master recordings under an agreement with Ritchie.  Contrary to EB-Bran's arguments, application of the doctrine of claim preclusion does not require an identity of legal theories in the prior and present suits.  *See Silcox*, 687 F.2d at 852.

11

**D.  Remaining Defendants**

Finally, Defendants argue that EB-Bran's claims against the remaining Defendants are barred under the doctrine of collateral estoppel or issue preclusion.  This Court agrees.

Because this Court had federal question jurisdiction in *Ritchie*, federal law governs the preclusive effect of the judgment issued in that action.  *In re Trantham*, 304 B.R. 298, 305 (B.A.P. 6th Cir. 2004).  The doctrine of collateral estoppel or issue preclusion teaches that "'once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.'"  *Hammer v. I.N.S.*, 195 F.3d 836, 840 (6th Cir. 1999) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)).  "The doctrine reflects the long-standing policy that one full opportunity to litigate an issue is sufficient."  *Hammer*, 195 F.3d at 840.

Issue preclusion will apply when:

(1)  the issue in the subsequent litigation is identical to that resolved in the earlier litigation,
(2)  the issue was actually litigated and decided in the prior action,
(3)  the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation,
(4)  the party to be estopped was a party to the prior litigation (or in privity with such a party), and
(5)  the party to be estopped had a full and fair opportunity to litigate the issue.

*Id.*  Accordingly, this Court must begin by determining whether the issues presented in this action are identical to those resolved in the earlier litigation.

As the Sixth Circuit recently observed, in *Ritchie*, this Court was called upon to resolve the issues:  (1) whether EB-Bran's state-law contract, tort, and restitution claims were properly recharacterized as copyright claims and thus completely preempted by the

12

Copyright Act; (2) whether these copyright claims were time-barred; and (3) whether EB-Bran's non-preempted claims alleging that Ritchie breached a fiduciary duty owed under a partnership agreement and that Ritchie had breached a March 1989 agreement to recruit talent for Top Dog Records were time-barred in light of Ritchie's December 17, 1990 letter "flatly stating that he did not intend to work with the parties to the 1989 contracts with respect to the publishing, production or performance of his songs, 'or any other area of [his] entertainment career.'" *Ritchie*, 395 F.3d at 288. Affirming this Court's decision that EB-Bran's copyright claims were time-barred, the Sixth Circuit observed that in the December 1990 letter: (1) Ritchie "made it clear that he regarded the songs he had written as his songs"; (2) "he openly claimed exclusive ownership of the 'Top Dog' label and the rights to his songs"; and (3) thus, the December 1990 letter triggered the running of the statute of limitations for these claims. *Id.* at 288-89.

Affirming this Court's decision that EB-Bran's non-preempted claims, alleging breach of a fiduciary duty owed under a partnership agreement and breach of a March 1989 agreement "in the nature of an employment contract," were likewise time-barred, the Sixth Circuit made the following observations. "Considering [Ritchie]'s letter in December 1990 repudiating *all* aspects of his business relationship with [EB-Bran and the other plaintiffs], including the partnership, any suit regarding the breach of the partnership agreement was time-barred, at the latest, in December 1996." *Id.* at 289. As to the non-preempted breach of contract claim, the Sixth Circuit reiterated that "[EB-Bran and the other plaintiffs] received notice of [Ritchie]'s express repudiation of all aspects of their relationship in December 1990. Any contract or tort claims regarding any aspect of that relationship had to be brought within the appropriate statutory period, which began to run in December 1990."

13

*Id.* at 290.

In this action, EB-Bran's claim and delivery, conversion, trespass to chattel, and injunctive relief claims require this Court to resolve the identical issues decided in *Ritchie*: (1) whether any of EB-Bran's state-law claims are properly recharacterized as copyright claims and thus completely preempted by the Copyright Act; (2) if yes, whether these copyright claims are time-barred; and (3) whether EB-Bran's non-preempted claims are time-barred in light of Ritchie's December 17, 1990 letter "flatly stating that he did not intend to work with the parties to the 1989 contracts with respect to the publishing, production or performance of his songs, 'or any other area of [his] entertainment career.'" *Ritchie*, 395 F.3d at 288.   As evidenced by allegations in EB-Bran's Amended Complaint, each of its claims necessarily depends on its ability to establish that Ritchie breached the March 1989 agreement by wrongfully maintaining control over certain master recordings. (Am. Compl. ¶¶ 29, 37, 42, 51, 52.B.)

Moreover, to the extent EB-Bran's claim and delivery, conversion, trespass to chattel and injunctive relief claims assert that Ritchie breached its publication, performance and distribution rights under the March 6, 1989 production agreement by unlawfully exploiting, reproducing, leasing, licensing, copying, distributing, and marketing songs to which EB-Bran holds exclusive rights to exploit, those claims are properly recharacterized as copyright claims, completely preempted by the Copyright Act, and time-barred for the reasons previously discussed by this Court in *Ritchie* and affirmed by the Sixth Circuit.  To the extent EB-Bran's claim and delivery, conversion, trespass to chattel and injunctive relief claims assert that Ritchie breached its contractual right, separate and apart from all intangible property rights attached to certain master recordings, those claims are likewise

14

time-barred for the reasons previously discussed by this Court in *Ritchie* and affirmed by the Sixth Circuit.

There is no question that the core issues presented in *Ritchie* and in this case are identical. Likewise, there is no question that these issues were actually litigated and decided in *Ritchie*, that their resolution was necessary and essential to a judgment on the merits in *Ritchie*, that EB-Bran was a party in the *Ritchie* action, and that EB-Bran had a full and fair opportunity to litigate these core issues. The doctrine of issue preclusion thus applies here and bars EB-Bran from pursuing its claims against the remaining Defendants.

## IV. Conclusion

For the above stated reasons, Defendants' motion for summary judgment is GRANTED.


                          s/Nancy G. Edmunds
                          Nancy G. Edmunds
                          United States District Judge

Dated:  November 18, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 18, 2005, by electronic and/or ordinary mail.

                          s/Carol A. Hemeyer
                          Case Manager