UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EB-BRAN PRODUCTIONS, INC.,

        Plaintiff,

v.

WARNER ELEKTRA ATLANTIC, INC., ET
AL,

        Defendants.

_____/

Case No. 03-75149

Honorable Nancy G. Edmunds

## ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS [58] AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS [67]

This matter comes before the Court on the parties' cross-motions for sanctions pursuant to Fed. R. Civ. P. 11.  Defendants' motion for sanctions is GRANTED.  As Defendants' correctly observe, had Plaintiff's counsel performed a reasonable inquiry, they would have recognized that, in light of the Sixth Circuit Court of Appeals' decision in *Ritchie v. Williams*, 395 F.3d 283 (6th Cir. 2005), it was not reasonable for them to continue to pursue:  (1) a remand;  (2) claims against Defendant Atlantic, which were barred under an agreement not to sue, (3) claims against Defendants Ritchie, Top Dog and Warner-Tamerlane, which were barred under the doctrine of claim preclusion; and (4) claims against the remaining Defendants.  Plaintiff's motion for Rule 11 sanctions against Defendants for filing their motion for Rule 11 sanctions is DENIED.

## I.    Facts

This Court is familiar with the factual background giving rise to Plaintiff's claims,

having presided over a companion case, *Ritchie v. Williams*, No. 01-71712.  Defendants'
motion for Rule 11 sanctions requires this Court to focus its attention on procedural facts.
Accordingly, those are set forth below.

### A.  Prior Actions

On May 2, 2001, Robert Ritchie ("Ritchie") and Top Dog Records, Inc. ("Top Dog")
filed an action in this Court against Alvin Williams seeking, among other things, a
declaration that the "Top Dog" mark belonged to Ritchie.[1]

On May 16, 2001, Williams filed a counterclaim against Ritchie and Top Dog alleging
infringement of the Top Dog mark.  Then, in June 2001, EB-Bran, Bow-Wow, and Dog Top
Publishing, a division of Bow-Wow, filed a lawsuit in state court against Ritchie, Top Dog,
and others alleging state-law claims of breach of contract, unjust enrichment, fraud and
misrepresentation, breach of fiduciary duties, constructive trust, accounting, conversion,
and injunctive relief ("State-Court Action").  That State-Court Action was subsequently
removed to this Court and consolidated with the *Ritchie* action.  (5/24/02 Order.)

Prior to removal and during discovery in the State-Court Action, EB-Bran sought
documents from Atlantic Recording Corporation ("Atlantic") and Warner-Tamerlane
Publishing, Inc. ("Warner-Tamerlane").  Atlantic is the recording company with whom
Ritchie is under contract to market his musical recordings.  Warner-Tamerlane publishes
his compositions.  When Atlantic and Warner-Tamerlane objected to various subpoenas,
EB-Bran stated its intent to add them as parties – Atlantic to the federal *Ritchie* case and
Warner-Tamerlane to the State-Court Action.

---

[1]EB-Bran Productions, Inc. ("EB-Bran") and Bow-Wow Publishing Corporation ("Bow-Wow") were later added in an amended complaint.

2

In lieu of being added as a party to the federal *Ritchie* case, EB-Bran and Atlantic agreed that if Atlantic produced various documents regarding Ritchie, EB-Bran would not add Atlantic as a party defendant.  This agreement is evidenced by a Stipulated Order entered in the federal *Ritchie* action.  (4/25/02 Stipulated Order.)  Paragraph 6 of that Stipulated Order provides that:

> In exchange for Atlantic's production of the documents and affidavits identified in paragraphs 1 through 5 herein, [Williams, EB-Bran and Bow-Wow] agree, warrant and represent that Atlantic will not be added or named as a party to this action and/or any action related to the subject matter of this action and that Atlantic has fully complied with and fulfilled all of its obligations under [Williams, EB-Bran and Bow-Wow]'s Subpoena and Notice to Produce Documents to Atlantic dated February 13, 2002; . . . .

(4/25/02 Stipulated Order ¶ 6.)

In the State-Court Action, EB-Bran and Warner-Tamerlane agreed to a similar procedure and signed a stipulation, but the State Court judge would not enter it.  (Defs.' Ex. D, 4/19/02 Hrg. Tr. at 3-5, 8, 12.)  Instead, the State Court judge granted EB-Bran's motion, adding Warner-Tamerlane as a party defendant, and then subsequently granted Warner-Tamerlane's oral motion to dismiss because EB-Bran failed to state a claim for relief against Warner-Tamerlane.  (*Id.* at 12-15, 18-25, 29-30.)  The State-Court Action was subsequently removed to this Court and consolidated with the *Ritchie* action.  (5/24/02 Order.)

In *Ritchie*, this Court granted Ritchie and Top Dog's motion for summary judgment and denied EB-Bran, Williams, and Bow-Wow's cross motion.  It held that several state law claims asserted by these plaintiffs were completely preempted by the Copyright Act and thus barred by the three-year statute of limitations found in the Copyright Act.  It further held that the non-preempted state-law claims were likewise time-barred under the

3

applicable Michigan statutes of limitations.[2]  (2/03/03 Order.)  Judgment was entered on February 3, 2003, in favor of Ritchie and Top Dog.

This Court's decision was affirmed by the Sixth Circuit Court of Appeals on January 11, 2005.  *See Ritchie v. Williams*, 395 F.3d 283 (6th Cir. 2005) (holding that complete preemption doctrine applied in this copyright case; that state-law breach of contract, unjust enrichment, misrepresentation, conversion, injunctive relief or similar claims that were the equivalent of copyright infringement claims were completely preempted by the Copyright Act; that breach of fiduciary duty and breach of contract claims that did not implicate either ownership or infringement of copyrighted music were not preempted; that both the preempted and non-preempted claims were time-barred; and that Williams, EB-Bran and Bow-Wow abandoned the Top Dog trademark).

### B.  Current Action

On November 24, 2003, EB-Bran filed this lawsuit against Defendants, alleging state-law claims of declaratory relief, accounting of property and master revenues, common law conversion, statutory conversion, unjust enrichment, constructive trust, misappropriation, and injunctive relief in connection with the same underlying transactions and occurrences that gave rise to its prior federal and state-court actions.  Defendants were Ritchie and Top Dog (prevailing parties in the *Ritchie* litigation), Atlantic (which has a Stipulated Order from EB-Bran promising that it will not bring an action against it on the same subject matter addressed in the *Ritchie* litigation), Warner-Tamerlane (who was dismissed with prejudice in the State-Court Action before it was removed and consolidated with *Ritchie*), Ivy Hill

---

[2]EB-Bran's motions for reconsideration, to vacate, and for a new trial based on newly discovered evidence were also denied.

4

Corporation and Cinram International (CD manufacturers for Atlantic), Lava Records (a record company, owned in part by Atlantic, that released Richie's albums), Warner Media Services,[3] Warner Elektra-Atlantic Corporation, and John and Jane Doe.

On December 23, 2003, Defendants removed EB-Bran's action to this Court, asserting that this Court had removal jurisdiction because EB-Bran's state-law claims were completely preempted by the federal Copyright Act, and because complete diversity existed between the parties and the amount in controversy exceeded $75,000.

On March 15, 2004, EB-Bran filed a first amended complaint, alleging state-law claims of claim and delivery, conversion, trespass to chattel, and injunctive relief.  This amended complaint alleged that Ritchie created 14 songs that belong to it, but Ritchie granted Defendants the right to record, distribute, market, and sell the songs despite EB-Bran's exclusive right to do so.  (Am. Compl. ¶¶ 14-26.)  It further alleged that Defendants have unlawfully exploited, reproduced, leased, licensed, copied, distributed, and marketed the songs to which EB-Bran holds exclusive rights to exploit.  (Am. Compl. ¶¶ 14-26, 29, 34, 37, 39-40, 42-46, and 51.)  EB-Bran sought both monetary and injunctive relief.  As to the request for injunctive relief, EB-Bran sought to have Defendants enjoined from "wrongfully exert[ing] dominion and control over EB-BRAN's master tape recordings and act[ing] in a manner inconsistent with Defendants' rights."  (*Id.* at ¶ 51.)

On June 9, 2005, this Court denied EB-Bran's motion to remand, concluding that it had subject matter jurisdiction over EB-Bran's claims at the time of removal because EB-Bran's state-law tort and equitable claims of conversion, statutory conversion, unjust

---

[3]Defendants asserted that they are not aware of any entity called Warner Media, Inc. or Warner Music Services.

enrichment, misappropriation, accounting, constructive trust, injunctive and declaratory relief were properly recharacterized as copyright claims and thus completely preempted by the Copyright Act.  (6/9/05 Order.)

On June 9, 2005, this Court also denied Defendants' motion to strike Plaintiff's first amended complaint.  This Court observed that, although Plaintiff should have sought leave from the Court before filing this the amended complaint, it was denying Defendants' motion to strike because, pursuant to Fed. R. Civ. P. 15(a), leave to amend is to be freely granted. The Court further observed that, at that time, Defendants had not met its burden of convincing it that the amendment was brought in bad faith or for dilatory purposes, that it would result in undue delay or prejudice to Defendants, or would be futile.  Finally, because Defendants' pending motion for summary judgment addressed the claims asserted in Plaintiff's original complaint, the Court ordered Defendants to withdraw that motion and submit another that addressed the claims asserted in Plaintiff's amended complaint. (6/9/05 Order.)

Defendants submitted their motion for summary judgment on July 27, 2005.  (Docket Entry No. 40.)  After granting Plaintiff's request for an extension of time to file its response and numerous requests to adjourn the hearing on Defendants' motion for summary judgment, the motion was finally heard on November 14, 2005.

On November 18, 2005, this Court granted Defendants' motion for summary judgment, concluding that:  1) Plaintiff's claims against Defendant Atlantic were barred under an agreement not to sue; 2) Plaintiff's claims against Defendants Ritchie, Top Dog and Warner-Tamerlane were barred under the doctrine of claim preclusion; and 3) Plaintiff's claims against the remaining Defendants were barred under the doctrine of issue

6

preclusion. (11/18/05 Order, Docket No. 56.)  A Judgment in Defendants' favor was entered that same day.  (Docket No. 57.)

### C.  Defendants' Rule 11 Sanction Letters

On February 19, 2004, Defendants' counsel sent a letter to Plaintiff's counsel, Demetrius Jones, Stephanie Hammond and Gregory Reed, enclosing a copy of Defendants' motion for Rule 11 sanctions and informing them that the motion would be filed within 21 days of the Court's decision on Plaintiff's motion to remand or Defendants' motion for summary judgment, whichever comes later.  That letter further informed Plaintiff's counsel that, as the motion indicated, there was no good faith basis for the motion to remand or the claims asserted in Plaintiff's complaint.  Finally, it notified Plaintiff's counsel that, unless they withdrew the motion to remand and consented to Defendants' motion for summary judgment, their motion for Rule 11 sanctions would be filed. (Defs.' Ex. A.)  The attached motion for Rule 11 sanctions asserts that Plaintiff's claims ignore a binding agreement not to sue Atlantic, a state-court order of dismissal of claims against Warner-Tamerlane, a federal-court order of dismissal of claims against Ritchie and Top-Dog, and controlling legal authority barring further prosecution of Plaintiff's remaining claims.  (Defs.' Ex. B.)

Plaintiff did not withdraw its motion to remand and did not consent to Defendants' motion for summary judgment raising arguments discussed above.

On February 3, 2005, Defendants' counsel sent Plaintiff's counsel, Demetrius Jones, Stephanie Hammond, and Gregory Reed, another Rule 11 sanction letter.  This letter reminded Plaintiff's counsel of its earlier Rule 11 letter.  It also notified them that it was also incorporating all the reasons asserted by the Sixth Circuit in its decision in *Ritchie v.*

7

*Williams*, 395 F.3d 283 (6th Cir. 2005), as additional support for its Rule 11 motion for sanctions.   Defense counsel enclosed a copy of a proposed stipulation and order dismissing Plaintiff's case with prejudice and without costs, requested that Plaintiff sign it, and informed Plaintiff that if it failed to do so, Defendants would ask the Court to lift the stay entered pending the Sixth Circuit's decision in the *Ritchie* matter, and seek to have the Court grant Rule 11 sanctions against Demetrius Jones, Stephanie Hammond, and Gregory Reed personally.  (Defs.' Ex. C.)

Plaintiff did not sign the Stipulation.  Defendants were thus required to file a motion asking the Court to set aside its order staying the case pending appeal.  (Docket No. 28.) That motion was granted, and a hearing date was set for Plaintiff's motion to remand. (Docket Nos. 29 and 30.)  A hearing was also held on Defendants' motion for summary judgment, raising the same arguments identified in its Rule 11 motion for sanctions. (Docket No. 40.)  As discussed above, Plaintiff's motion to remand was denied on June 9, 2005, and Defendants' motion for summary judgment was granted on November 18, 2005. (Docket Nos. 37 and 56.)

Defendants filed their Rule 11 motion for sanctions on December 1, 2005.  (Docket No. 58.)  Plaintiff filed its Rule 11 motion for sanctions against Defendants on February 21, 2006, arguing that Defendants should be sanctioned for filing a frivolous Rule 11 motion. (Docket No. 67.)

## II.   Analysis

Defendants argue that they are entitled to Rule 11 sanctions against Plaintiff because: they satisfied the procedural as well as the substantive requirements of Rule 11.  Despite Plaintiff's arguments to the contrary, this Court agrees with Defendants.

8

### A.  Procedural Requirements

Subrule 11(c) requires that the party seeking Rule 11 sanctions must satisfy a twenty-one day "safe harbor" period.[4]  Defendants assert that they did satisfy Rule 11(c).  They first served their Rule 11 motion on Plaintiff, giving Plaintiff the adequate time to withdraw or correct the challenged claims, allegations, and contentions they identified in their Rule 11 motion.  After Plaintiff failed to withdraw its motion to remand or correct the identified problems with the claims asserted against Defendants, Defendants filed their Rule 11 motion.

Plaintiff's argument -- that Defendants failed to satisfy Rule 11's safe harbor provisions because they failed to send yet another letter asking Plaintiff to withdraw the claims asserted in its amended complaint – is without merit.  Rule 11(c)(1)(A) requires only that the party seeking Rule 11 sanctions "describe the specific conduct alleged to violate subdivision (b)", that the Rule 11 motion be served on the opposing party at least 21 days before it is filed, so that the "challenged paper, claim, defense, contention, allegation, or denial" may be withdrawn or appropriately corrected.  Fed. R. Civ. P. 11(c)(1)(A).  Contrary

---

[4]Fed. R. Civ. P. 11(c)(1)(A) provides that:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b).  It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.  If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.  Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

to Plaintiff's arguments here, the objectionable conduct described in Defendants' February 2003 and February 2004 letters and draft Rule 11 motion was not appropriately corrected by Plaintiff's amended complaint.  As described in that Rule 11 motion, Defendants notified Plaintiff that it could not assert any claims:  (1) against Defendant Atlantic in light of its binding agreement not to sue; (2) against Defendant Warner-Tamerlane in light of a prior state-court dismissal; (3) against Defendants Ritchie and Top Dog in light of a prior federal-court dismissal; and (4) that were properly recharacterized as copyright claims in light of the Sixth Circuit's recent decision in *Ritchie v. Williams*, 395 F.3d 283 (6th Cir. 2005).

### B.  Substantive Requirements

Federal Rule of Civil Procedure 11(b) provides that:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
>
>     (1)  it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
>     (2)  the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
>     (3)  the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>     (4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b).

Defendants argue that they are entitled to sanctions against Plaintiff and each of its

10

three lawyers because, based on this Court's rulings in the companion case of *Ritchie v. Williams*, No. 01-71712, the Sixth Circuit's decision affirming this Court's rulings in that case, *Ritchie v. Williams*, 395 F.3d 283 (6th Cir. 2005), and the reasons stated in Defendant's draft Rule 11 brief of February 2004, there was no good faith basis for Plaintiff's motion to remand or its attempt to avoid Defendants' motion for summary judgment.  Accordingly, Defendants argue, Plaintiff's attorneys violated Rule 11(b).  This Court agrees with Defendants.

This Court rejects Plaintiff's counsel's argument that their continued pursuit of the claims and legal positions in this action was reasonable in light of their having consulted with another attorney, M. Wm. Krasilovsky, on whether they should continue this litigation. (Pl.'s Resp. at 8; Pl.'s Ex. E, 3/15/05 letter to Gregory Reed.)  A review of Mr. Krasilovsky's letter shows that he was consulted on different matter; i.e., whether Plaintiff should appeal the Sixth Circuit's decision in *Ritchie* to the United States Supreme Court.  (Pl.'s Ex. E.)

The claims, allegations and contentions advocated by Plaintiff in its original complaint, amended complaint, motion to remand, and opposition to Defendants' motion for summary judgment were not warranted by existing law or by nonfrivolous arguments for the extension, modification, or reversal of existing law or the establishment of new law.  Fed. R. Civ. P. 11(b)(2).  Accordingly, pursuant to Rule 11(c), sanctions in the amount of $40,616.00 will be imposed on Plaintiff's attorneys, Demetrius Jones, Gregory Reed, and Stephanie Hammonds, and their respective law firms, jointly and severally.  Sanctions will not be imposed against Plaintiff because Rule 11(c)(2)(A) provides that "[m]onetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2)."  Fed. R. Civ. P. 11(c)(2)(A).  *See also Union Planters Bank v. L & J Development*

11

*Co.*, 115 F.3d 378, 384 (6th Cir. 1997).  The Court determines that the sanctions imposed are required to deter similar conduct in the future.  *Id.* at 386.

Plaintiff's motion for Rule 11 sanctions against Defendants for filing a Rule 11 motion against them is denied.  As discussed above, this Court did not find Defendants' motion to be without merit.

## III.   Conclusion

For the above-stated reasons, Defendants' motion for Rule 11 sanctions is GRANTED, and Plaintiff's motion is DENIED.


                    s/Nancy G. Edmunds                             
                    Nancy G. Edmunds
                    United States District Judge

Dated:  April 10, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 10, 2006, by electronic and/or ordinary mail.

                    s/Carol A. Hemeyer                            
                    Case Manager