UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EB-BRAN PRODUCTIONS, INC.,

    Plaintiff,

v.

WARNER ELEKTRA ATLANTIC, INC., ET AL,

    Defendants.
_____/

Case No. 03-75149

Honorable Nancy G. Edmunds

**ORDER (1) DENYING PLAINTIFF'S COUNSEL'S OBJECTION AND MOTION TO STRIKE GARNISHMENT [92, 95]; AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S COUNSEL'S RULE 62(d) MOTION FOR STAY PENDING APPEAL ABSENT BOND OR, ALTERNATIVELY, WITH POSTING SUPERSEDEAS BOND [93, 94, 103]**

This matter comes before the Court on (1) Plaintiff's counsel's objection and motion to strike garnishment; and (2) Plaintiff's counsel's motion, brought pursuant to Fed. R. Civ. P. 62(d), for a stay of execution of this Court's April 10, 2006 Order pending appeal without the posting of a bond or, alternatively, with the posting of a supersedeas bond. The Court finds that the facts and legal arguments are adequately presented in the motions and the parties' briefs and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule LR 7.1(e)(2), Plaintiff's motions will be decided on the briefs and without oral argument.

For the reasons stated below, this Court (1) DENIES Plaintiff's counsel's objection and motion to strike the garnishment issued by Defendants; and (2) DENIES Plaintiff's counsel's Rule 62(d) motion as to its request for a stay pending appeal without the posting

of a bond and GRANTS Plaintiff's counsel's motion as to its request for a stay with the posting of a supersedeas bond.

**I.   Analysis**

**A.  Garnishment**

On April 10, 2006, this Court entered an Order granting Defendants' motion and imposing Rule 11 sanctions in the amount of $40,616 against Plaintiff's counsel, Demetrius Jones, Gregory Reed, and Stephanie Hammonds, and their respective law firms, jointly and severally. (Doc. #81.) Subsequent motions for reconsideration and for relief from judgment were denied on May 1 and May 8, 2006. (Doc. # 83, 86.) Defendants requested writs of garnishment on June 14, 2006, almost 40 days after the last order became final.

On June 20, 2006, one of Plaintiff's attorneys, Gregory J. Reed, received notice from his bank that, on June 19th, $10,000 had been garnished from his business account and $1,950 had been garnished from his personal account. (Pls.' Mot. for Stay at 3.)

In his combined objection and motion to strike, Gregory Reed argues that Defendants did not comply with Michigan's garnishment statutes or the Federal Rules of Civil Procedure because the request for garnishment did not appear on the "public docket" until 14 days after it was issued and no Notice of Electronic Filing had been generated. These arguments are without merit. Defendants complied with all the procedural requirements necessary to obtain the challenged garnishments.

Contrary to Attorney Reed's assertions, there is no rule that requires the Court's electronic filing system to issue a notice of the request for a garnishment. Likewise, no such notice is required under Fed. R. Civ. P. 64, Mich. Comp. Laws Ann. § 600.4011, or Mich. Ct. R. 3.101. Rather, this Court's electronic filing procedures specifically provide that

the issuance of the writ of garnishment will <u>not</u> appear on the public docket or generate a notice of electronic filing until 14 days after the clerk has entered the writ of garnishment. The CM/ECF notice sent after a request for a writ of garnishment is filed provides that:

> After the docket entry is submitted, the Writ will be *issued* by the clerk within 24 hrs. and returned to the filer by regular mail for service.
>
> To comply with State garnishment rules, <u>this entry will not appear on the public docket or generate a Notice of Electronic Filing. After 14 calendar days, the clerk will enter the Writ of Garnishment on the public docket. This will generate a Notice of Electronic Filing to all efiling attorneys.</u> (Emphasis added).

(Defs.' Ex. A, CM/ECF Post-Judgment Filings screen.) The reason for the rule is obvious: if electronic notice of a request for a writ of garnishment was issued at the time it was requested, the party against whom the writ was requested would have the opportunity to clean out the bank account before the bank received that writ.

Defendants complied with the above requirements. On June 14, 2006, Defendants electronically filed their requests and writs for garnishment. The Court issued the writs and returned them to Defendants by mail. (Defs. Ex. B.) After Defendants obtained the endorsed writs from the Court Clerk, they served them on Comerica Bank, along with the required garnishee disclosures and applicable fees. Accordingly, Attorney Reed's objections and motion to strike the garnishments is denied.

**B. Stay Pending Appeal With or Without Supersedeas Bond**

Plaintiff's counsel, Gregory Reed, Stephanie L. Hammonds and Demetrius Jones, have also filed a motion, brought pursuant to Fed. R. Civ. P. 62(d), asking the Court to stay its April 10, 2006 sanction order without requiring them to file a supersedeas bond or, alternatively, to issue a stay with such a bond. Defendants respond that no stay should

issue without the filing of bond. This Court agrees that Plaintiff's counsel should post a full supersedeas bond before a stay will issue under Rule 62(d).

Pursuant to Rule 62(d) of the Federal Rules of Civil Procedure,[1] if an appeal is pending, as it is here, a party may obtain a stay if a supersedeas bond is posted. As expressly stated in Rule 62(d), the stay is "contingent upon the posting of a court approved supersedeas bond." *Hamlin v. Charter Township of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998). "Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Arban v. West Publishing Corp.*, 345 F.3d 390, 409 (6th Cir. 2005) (citations omitted).

Rule 62(d) is designed to "preserve[] the status quo while also protecting the appellee's rights." *Id.* (citing *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5h Cir. 1979)). "Because of Rule 62(d)'s dual protective role, a full supersedeas bond should almost always be required." *Id.* Absent the appellant's convincing argument that "extraordinary circumstances" exist, the courts generally require that a full supersedeas bond be posted before a stay will issue under Rule 62(d). *Hamlin*, 181 F.R.D. at 353 (citing cases).

Similar to the appellant in *Hamlin*, Plaintiff's counsel argue here that a supersedeas

---

[1] Federal Rule of Civil Procedure 62(d) addresses stays on appeal and provides that:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay . . . . The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

bond is unnecessary because they have the financial resources to pay the $40,616 in Rule 11 sanctions. (Pl.'s Mot. at 8.) Such assurances are insufficient to protect Defendants' interests. As the *Hamlin* Court observed:

> waiving the bond on this factor alone ignores the dual protections Rule 62(d) is designed to provide the appellee. Waiving the bond requirement would deprive [the appellee] of his right to execute the judgment immediately, without providing him the protection to which he is entitled. Rule 62(d)'s bond requirement serves as a substantial function in balancing the parties' interest and is not a mere formality that should be waived simply because the losing party has adequate funds to satisfy the judgment. Ideally, losing parties will always have sufficient funds to pay the award, but if this fact were enough to waive the bond requirement, the bond requirement would essentially be a nullity.

*Id.* This Court is not convinced that it should depart from Rule 62(d)'s requirement that the appellant post a full supersedeas bond before a stay of judgment will issue.

The Court now considers the appropriate amount of the supersedeas bond. The courts generally require that the amount of the bond include the full amount owed under the award, and anticipated appeal costs, post-judgment interest, and damages for delay caused by the appeal. *See Poplar Grove Planting*, 600 F.2d at 1191 (citing cases); *Fed. Deposit Ins. Corp. v. Wysong*, No. G85-482, 1988 U.S. Dist. LEXIS 18136, **3-4 (W.D. Mich. Jan. 21, 1988). Accordingly, to adequately afford Defendants sufficient protection should Plaintiff's counsel's appeal prove to be successful, this Court determines that they must post a supersedeas bond in the amount of $30,000, reflecting (1) the $28,211 still owing by virtue of the April 10, 2006 order; and (2) anticipated post-judgment interest in the amount of $1,789 (approximating that the appeal will take 18 months).

The supersedeas bond shall be filed within 10 days of the date of this Order in accordance with the procedures followed in the United States District Court for the Eastern

5

District of Michigan.

## II.  Conclusion

For the foregoing reasons, this Court (1) DENIES Attorney Reed's objection and motion to strike the garnishment issued by Defendants; and (2) DENIES Plaintiff's counsel's Rule 62(d) motion as to its request for a stay pending appeal without the posting of a bond and GRANTS Plaintiff's counsel's motion as to its request for a stay with the posting of a supersedeas bond.

This Court's April 10, 2006 Order shall be stayed if Plaintiff's counsel post a supersedeas bond in the amount of $30,000, pursuant to this Court's direction, within 10 days from the date of this Order.

s/Denise Page Hood
Presiding Judge, Acting on behalf of
Nancy G. Edmunds
U.S. District Judge

Dated: July 5, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 5, 2006, by electronic and/or ordinary mail.

s/ William F. Lewis
Case Manager

6